DOROTHY H. COCKERHAM, PLAINTIFF-APPELLANT v. PILOT LIFE INSURANCE COMPANY, INC., DEFENDANT-APPELLEE

No. 8823SC130

(Filed 6 December 1988)

Insurance § 18.1— life insurance—ambiguous questions in application—yes or no answer called for—answer not false or material as matter of law

An answer to an ambiguous question in an application for life insurance which calls for a yes or no answer cannot be false as a matter of law, and the question in the application here, whether insured had within the preceding two

years "consulted or been treated by a physician for any condition other than a routine physical examination," was ambiguous and required a yes or no answer; furthermore, the answer, even if false, was not material as a matter of law where it was not certain that defendant would have refused the application or charged more for the policy if it had known that during the period from fifteen to twenty-four months before the policy was issued, the insured had a lingering cold or minor respiratory illness which neither endangered his life nor restricted his activities or work. The trial court erred in directing verdict for defendant on the ground that the evidence established its right to void the life insurance policy as a matter of law because deceased answered an insurability question falsely on its application for the policy. N.C.G.S. § 58-30.

APPEAL by plaintiff from *Mills, Judge.* Judgment entered 1 December 1987 in Superior Court, WILKES County. Heard in the Court of Appeals 8 June 1988.

*Edward Jennings for plaintiff appellant.*

*W. G. Mitchell for defendant appellee.*

PHILLIPS, Judge.

When Richard Walter Cockerham, plaintiff's late husband, died of an acute myocardial infarction on 28 August 1985, his life was insured by a policy of defendant's for $10,000. Defendant refused to honor the policy on the ground that in applying for it Cockerham answered an insurability question falsely; and this action to recover on the policy was dismissed at the close of plaintiff's evidence by a directed verdict on the ground that the evidence established defendant's right to void the policy as a matter of law. The evidence bearing upon that issue, upon which defendant, of course, had the burden of proof, was to the following effect:

In 1973 defendant insured Cockerham's life for $5,000 and the policy was still in effect in April 1984 when defendant notified him that since inflation had eroded its value it was pleased to present him a special opportunity to increase his "protection by $10,000," and that all he had to do to apply for this insurance was "answer the two 'insurability' questions on the application below and sign it." One question is irrelevant to the appeal; the other called for a yes or no answer and read: "Have you within the past two years consulted or been treated by a physician for any condition other than a routine physical examination?" Cockerham answered the question "no," signed the application, and the

policy, naming plaintiff as beneficiary, was issued 1 July 1984. Cockerham had consulted Dr. Hal Stuart on June 21, July 9, November 8, and December 2 of 1982 and on February 24, March 7, March 24, and April 13 of 1983 for a lingering cold or respiratory infection of unknown origin, and according to Dr. Stuart's testimony he was examined, treated and diagnosed as follows: Cockerham's main complaint was congestion and coughing at night, for which he prescribed medications to ease the cold symptoms and a chest X-ray which contained no evidence of cardiac disease except for a mild enlargement of the heart when compared with X-rays taken in 1982; Cockerham had mild obstructive disease of the lung, a very common condition that probably every smoker in his forties has or will have; the ailment was not life threatening, no cautionary instructions were necessary, and he did not restrict Cockerham's activities; the tests done were standard diagnostic procedures for mild respiratory ailments; he had been Cockerham's doctor for many years; "his visits were not of a strictly routine nature," as he was not one to come for routine checks as a rule, but came only when he had a problem.

The validity of the judgment dismissing plaintiff's action is governed by G.S. 58-30, which provides as follows:

All statements or descriptions in any application for a policy of insurance, or in the policy itself, shall be deemed representations and not warranties, and a representation, unless material or fraudulent, will not prevent a recovery on the policy.

This statute, so our Supreme Court has held many times, entitles an insurer to void a life insurance policy when in applying for it the applicant made a false statement as to his health that was either material or fraudulent. *Inman v. Woodmen of the World*, 211 N.C. 179, 189 S.E. 496 (1937). Fraud not being claimed in this case the question before us is whether Cockerham's written answer to the application question stated above was both false and material as a matter of law. In our opinion it was neither, as both the falsity and materiality of the statement are questions of fact for a jury.

An answer to a question in an application for life insurance that is ambiguous and calls for a yes or no answer cannot be false as a matter of law. 1A J. Appleman, Insurance Law and Practice

Sec. 272, pp. 221-222 (1981). And the question in the application here—whether Cockerham had within the preceding two years "consulted or been treated by a physician for any condition other than a routine physical examination?"—is ambiguous and required a yes or no answer. The question, though seemingly simple at first blush, has several difficulties: One is that a routine physical examination is not a "condition" that leads either to medical consultation or treatment; another is that it does not specify the kind of routine physical examination that was not being asked about; and still another is that it required the applicant to characterize the examination made, as well as the condition that prompted him to consult the doctor, and the treatments received. Dr. Stuart's testimony indicates, as is commonly known in any event, that there are standard examinations and treatment for minor respiratory ailments such as Cockerham had, and that there are other routine physical examinations for other minor ailments is also commonly known. Thus, the question does not necessarily mean, as the court ruled, that the only consultation, examination, or treatment that was not asked about was a routine annual or other periodic physical examination. The question can also be construed, in our opinion, to exclude routine physical examinations and treatments for temporary and harmless ailments such as coughs and colds. *See*, 7 *Couch on Insurance* 2d Secs. 35:131, 35:136 (rev. ed. 1985). Dr. Stuart's testimony that Cockerham's visits were not of a strictly "routine" nature is neither decisive nor material; for the issue is not what the question meant to the doctor, but what it meant to Cockerham. If he reasonably interpreted the question as not applying to routine examinations and treatments for his cold the answer was not false; if he interpreted it as applying to such examinations and treatments it was false. For similar questions that have been deemed to be susceptible of more than one interpretation *see* 13 J. Appleman, Insurance Law and Practice Sec. 7401, pp. 197-269 (1976).

Nor was the answer to the question, even if false, material as a matter of law. In a case like this whether the representation was material "depends upon whether it was such as would naturally and reasonably influence the insurance company with respect to the contract or risk." *Wells v. Jefferson Standard Life Insurance Co.*, 211 N.C. 427, 429, 190 S.E. 744, 745 (1937). In that case at 430, 190 S.E. at 745, it was held that the applicant's failure

to inform the insurer about a mild attack of malaria, a more serious malady certainly than the common cold, was not "such a withholding of information as would necessarily have been calculated to influence the action or judgment of the insurance company," and that the materiality of the statement was for the jury to determine, rather than the court. Our ruling in this case is the same; because it is by no means certain, in our opinion, that defendant would have refused the application or charged more for the policy if it had known that during the period from fifteen to twenty-four months before the policy was issued Cockerham had a lingering cold or minor respiratory illness, the most common, routine, and generally harmless illness known to either the public or medical science; an ailment that neither endangered his life nor restricted his activities or work.

Vacated and remanded.

Judges WELLS and BECTON concur.