JOYCE SHERROD, PETITIONER v. NORTH CAROLINA DEPARTMENT OF HUMAN RESOURCES, RESPONDENT

No. 9110SC241

(Filed 3 March 1992)

1. **State § 12 (NCI3d) — termination of employment — notice of reasons for dismissal — opportunity for hearing — information about appeals process — no denial of due process**

Petitioner was not deprived of due process in her termination of unemployment where petitioner was given notice of the reasons for her dismissal and a pre-termination hearing; the internal process afforded her the opportunity for a full and fair post-termination hearing, only requiring that petitioner properly follow the procedure to obtain it; at each stage of the grievance procedure petitioner was furnished information about what steps she had to take in order to advance to the next stage of the process and where these steps had to be taken; and petitioner was provided information about where she could obtain procedural assistance with her appeals if needed.

**Am Jur 2d, Civil Service §§ 68, 71.**

2. **State § 12 (NCI3d) — written notice given simultaneously with dismissal — no error**

Written notice of petitioner's dismissal from her employment was adequate under the requirements of N.C.G.S. § 126-35, though it was given to her simultaneously with her dismissal, since the statute does not prevent notice from being given simultaneously with dismissal but is instead designed to give the employee a written statement of the reasons for discharge so that the employee may effectively appeal her discharge; moreover, the notice in this case informed petitioner that she

was being discharged because property belonging to the State and the clients of O'Berry Center was found in her possession.

**Am Jur 2d, Civil Service § 68.**

3. **State § 12 (NCI3d)— employee's appeal of dismissal—time provision not vague or ambiguous**

Evidence was sufficient to support the trial court's conclusion that the time provision with regard to petitioner's appeal of her dismissal from employment was not vague or ambiguous where the governing provision and letters which petitioner received containing information on how she was to appeal to the next step of the internal grievance procedure clearly referred to "calendar days," while petitioner admitted that she erroneously assumed she had a certain number of "working days" to file her appeal.

**Am Jur 2d, Civil Service § 71.**

4. **State § 12 (NCI3d)— employee's appeal of dismissal—enforcement of procedural deadline—action not arbitrary or capricious**

The trial court properly concluded that respondent agency's decision to enforce a procedural deadline and dismiss petitioner's appeal because it was not timely filed was neither arbitrary nor capricious where petitioner was given information as to how and when to file an appeal and where to get help if she needed it; petitioner filed her first two appeals within the prescribed time; and respondent acted in good faith and in accordance with the applicable statutes when making the determination to dismiss the appeal.

**Am Jur 2d, Civil Service § 71.**

APPEAL by petitioner from judgment entered 25 January 1991 in WAKE County Superior Court by *Judge Henry V. Barnette, Jr.* Heard in the Court of Appeals 4 December 1991.

At the time this action arose, petitioner worked as a Health Care Technician I at the O'Berry Center (hereinafter "Center"), a Department of Human Resources institution. Petitioner had been continuously employed by respondent for approximately 10 years preceding her dismissal on 24 February 1988.

Petitioner's sister, Betty Sutton, was a former employee of the Center, who had been discharged. On or about 15 February

1988, Ms. Sutton reported to Center officials that petitioner was stealing property from the Center. Ms. Sutton gave the officials a red skirt marked with a Center resident's name. She told the officials that petitioner had stolen the skirt and given it to her daughter (petitioner's niece). Based on Ms. Sutton's information, the Center obtained a search warrant on 23 February 1988 and searched the home where petitioner resided with her parents. Pursuant to the search, officials found three items of personal property later identified as belonging to the Center, to wit: a towel, a shampoo bottle and a deodorant bottle.

On 24 February 1988, a pre-termination conference was held at the Center. When questioned about the stolen items removed from her residence, petitioner denied taking any of them from the Center. Petitioner informed the officials she was being framed by her sister. In fact, when later confronted by petitioner, Ms. Sutton admitted she had made up the report.

By letter dated 24 February 1988, petitioner was notified that "effective immediately" she was dismissed from her position at the Center. The letter quoted a provision of the State Personnel Manual which states: "An employee who steals State property or funds or who knowingly misuses State property may be dismissed without prior warning under the personal conduct disciplinary process." The letter also notified petitioner that she could appeal that decision within fifteen calendar days after receipt of that letter. On the same day, criminal charges were instituted against petitioner regarding the same stolen property. Petitioner was subsequently found not guilty of the criminal charges.

Petitioner noted an appeal of her dismissal within the requisite fifteen calendar days and requested a conference with the Director of the Center. By letter dated 24 March 1988, the Director informed petitioner that he had received her appeal. The letter indicated he was upholding her termination since petitioner, even though acting pursuant to the advice of counsel, had not provided him any additional information during their meeting about how the stolen items ended up in her possession.

The letter from the Director also stated, in pertinent part:

You have the right to appeal this decision. In the event you elect to appeal, *it must be filed within fifteen (15) calendar days from the date of receipt of this correspondence.* If you

need procedural guidance in the appeal process, you should contact [the following persons]. . . . (Emphasis added.)

Petitioner received this response on 28 March 1988. Petitioner filed her appeal from the Director's decision with respondent on 14 April 1988, eighteen days after 28 March 1988. Respondent dismissed petitioner's appeal for noncompliance with the grievance process: specifically, petitioner had failed to file her appeal within fifteen calendar days from receipt of the Director's decision.

On 11 May 1988, petitioner filed an appeal with the Office of State Personnel. Respondent filed a motion to dismiss and, in the alternative, a motion for summary judgment. In defense to respondent's motions, petitioner claimed the language of the directive in question was ambiguous. The Administrative Law Judge, (hereinafter "ALJ"), denied respondent's motions and subsequently held a hearing.

In his recommended decision, the ALJ concluded, *inter alia,* that (1) it would be manifestly unfair to allow respondent's motion to dismiss; (2) petitioner had complied with G.S. § 126-35 and had not abandoned her appeal efforts; (3) the language of the directive at issue in this case was ambiguous and vague and petitioner had timely filed her appeal based on the literal wording of the provision; and (4) respondent had failed to meet its burden of establishing just cause for petitioner's discharge. Based on those conclusions, the ALJ recommended petitioner be reinstated.

The State Personnel Commission (hereinafter "Commission") rejected the recommended decision of the ALJ. The Commission concluded that the record indicated petitioner had failed to follow required procedure in filing her appeal and further noted that petitioner admitted in her letter of appeal to the State Personnel Commission that she "failed to timely file" her appeal from dismissal. Thus, the Commission ordered that "petitioner's appeal be dismissed with prejudice for lack of subject matter jurisdiction."

Hearing was held on petitioner's petition for judicial review in Wake County Superior Court on 13 November 1990. The court concluded that the provision setting forth the appeal deadline in question was not vague or ambiguous, and further, that it would not be manifestly unfair to dismiss petitioner's appeal because the "manifest unfairness relied on by the petitioner ha[d] to do with the merits of the dismissal from employment" not the grievance

procedure. The court affirmed the decision of the Commission by judgment entered 25 January 1991. From this judgment, petitioner appeals.

*Dees, Smith, Powell, Jarrett, Dees & Jones, by Michael M. Jones, for ·petitioner-appellant.*

*Attorney General Lacy H. Thornburg, by Associate Attorney General Diane Martin Pomper, for respondent-appellee.*

WELLS, Judge.

Pursuant to N.C. Gen. Stat. § 150B-52, our review of a trial court's consideration of a final agency decision is to determine whether the trial court committed any errors of law which would be based upon its failure to properly apply the review standard set forth in N.C. Gen. Stat. § 150B-51. *In re Kozy*, 91 N.C. App. 342, 371 S.E.2d 778 (1988), *disc. review denied*, 323 N.C. 704, 377 S.E.2d 225 (1989). A reviewing court may affirm the agency's decision or remand the case for further proceedings. N.C. Gen. Stat. § 150B-51 (1991). Additionally, the reviewing court may reverse or modify the agency's decision if the substantial rights of the petitioners may have been prejudiced because the agency's findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional provisions;

. . .

(4) Affected by other error of law;

(5) Unsupported by substantial evidence admissible . . . in view of the entire record as submitted; or

(6) Arbitrary or capricious.

*Id.*

[1] Petitioner first contends the trial court erred in concluding the Commission's decision that it lacked subject matter jurisdiction was constitutional. Petitioner alleges there was sufficient evidence in the record to show the decision unconstitutionally deprived her of the full and fair hearing required by the due process clause of both the United States and North Carolina Constitutions. We find no merit to this argument.

The respondent's grievance procedure provides specific time limits for the filing of an appeal at each stage of the procedure. Further, the process provides that "a grievant who fails to comply . . . with procedures set out in this directive . . . may be deemed to have abandoned his/her appeal." At each stage of the grievance procedure, petitioner was furnished information about what steps she had to take in order to advance to the next stage of the process and when these steps had to be taken. Further, petitioner was provided information about where she could obtain procedural assistance with her appeals if needed. Petitioner's appeal at the third stage of the internal process was dismissed due to her failure to comply with the time provided to file her appeal. A permanent state employee is statutorily required to follow the grievance procedure established by his/her department or agency. N.C. Gen. Stat. § 126-34 (1991). On this record, we perceive that not only was there no denial of due process, but that at every stage of these proceedings, petitioner's due process rights were fully protected. Petitioner was given notice of the reasons for her dismissal and a pre-termination hearing. The internal process also afforded petitioner the opportunity for a full and fair post-termination hearing, only requiring that petitioner properly follow the procedure to obtain it. This argument must be rejected.

[2] Petitioner next contends the Commission's conclusion that it lacked subject matter jurisdiction was affected by other error of law. Petitioner argues the notice she received concerning her dismissal did not comply with the statutory requirements. First, petitioner contends the notice was inadequate because it was given to her simultaneously with her dismissal instead of prior to her termination. Secondly, petitioner argues the notice was insufficient because it did not specify the acts or omissions which justified the disciplinary action. We disagree.

N.C. Gen. Stat. § 126-35 provides, in pertinent part:

No permanent employee subject to the State Personnel Act shall be discharged, suspended, or demoted for disciplinary reasons, except for just cause. In cases of such disciplinary action, the employee shall, before the action is taken, be furnished with a statement in writing setting forth in numerical order the specific acts or omissions that are the reasons for the disciplinary action and the employee's appeal rights.

As stated previously by this Court, "[w]e do not read G.S. 126-35 to *prevent* notice from being given simultaneously with the disciplinary action. . . . The purpose of G.S. 126-35 is to provide the employee with a written statement of the reasons for [her] discharge so that the employee may effectively appeal [her] discharge." *Leiphart v. N.C. School of the Arts*, 80 N.C. App. 339, 342 S.E.2d 914, *cert. denied*, 318 N.C. 507, 399 S.E.2d 862 (1986). (Emphasis in original.) The purpose of the statute is to prevent the employer from discharging the employee without notice and then, after the fact, finding a justifiable reason for the dismissal. *Id.*

At the pre-termination hearing, petitioner was notified that certain property, identified as belonging to the Center, had been found in her residence pursuant to the execution of a search warrant. Additionally, the letter of dismissal stated:

> On February 15, 1988, it was reported that you were in possession of stolen property from O'Berry Center. Our Security Department obtained that property on February 17, 1988. On February 23, 1988, additional property belonging to the State of North Carolina and the clients of O'Berry Center was found in your possession. . . . All of these items were tagged with O'Berry/client control numbers.
>
> . . .
>
> In the predismissal conference held today, February 24, 1988, you were notified of the above infractions.

There was substantial evidence in the record to show petitioner received adequate notice to enable her to effectively appeal her termination. Furthermore, petitioner effectively presented her appeal to the ALJ as is evidenced by both the record and the ALJ's recommended decision in her favor. Thus, the trial court properly concluded the written notice of dismissal was adequate under the requirements of N.C. Gen. Stat. § 126-35.

[3] As her next assignment of error, petitioner contends the trial court erred in concluding there was substantial evidence to support the trial court's conclusion that the time provision in question was not vague or ambiguous. Again, we disagree.

The pertinent provisions in question state:

STEP 3—APPEAL TO THE SECRETARY, DEPARTMENT OF HUMAN RESOURCES

(a) If the matter is not resolved to the grievant's satisfaction by the decision at Step 2, or if the grievant has not received a decision within the time limit set for Step 2, [not more than thirty calendar days from receipt of the Step 2 appeal] and the issue is subject to further appeal, he/she may appeal for a review by the Secretary of the Department of Human Resources.

(b) . . . The notice must be received by the unit personnel manager within fifteen calendar days from the date the grievant receives the Step 2 decision or from the date the Step 2 decision should have been issued.

In her letter of appeal to the Office of State Personnel, petitioner stated the reason she had "failed to timely file" her Step 3 appeal was because she "erroneously assumed that [she] had fifteen (15) *working* days to file [her] appeal." The trial court found as a fact that petitioner never suggested she had any problem determining when the fifteen-day period began. Petitioner's alleged confusion resulted from her failing to distinguish between calendar days and working days. The provision is clear with regard to this distinction, as were the letters petitioner received containing information on how she was to appeal to the next step of the internal grievance procedure. The trial court's conclusion that the provisions, when read together, were not ambiguous or vague, was proper.

[4] In her last assignment of error, petitioner contends the trial court erred in failing to find the Commission's decision to dismiss her appeal was arbitrary and capricious. Petitioner argues this constituted error because the agency's decision to enforce the procedural deadline resulted in manifest unfairness under the circumstances. We disagree.

The respondent's grievance procedure provides that "a grievant who fails to comply with the . . . procedures set out in this directive . . . may be deemed to have abandoned his/her appeal." The agency's decision regarding whether or not an appeal will be deemed abandoned in such circumstances is discretionary. A reviewing court does not have the authority to override decisions within the agency's discretion if the agency exercises that discretion in good faith and in accordance with the law. *Lewis v. N.C.*

*Dept. of Human Resources*, 92 N.C. App. 737, 375 S.E.2d 712 (1989) (*citing Burton v. City of Reidsville*, 243 N.C. 405, 90 S.E.2d 700 (1956) ). Imposing procedural requirements which result in manifest unfairness under the circumstances may be arbitrary and capricious. *Id.*

As was the situation in *Lewis*, even though we find the result in this case to be unfortunate, we cannot say it is manifestly unfair under the circumstances. Petitioner was given information regarding the internal grievance procedure. She was informed at each level of the process what steps were necessary to contest the decision at that level and when those steps had to be completed. Additionally, petitioner was given information on how to obtain procedural guidance in the appeal process. Petitioner filed her first two appeals within the requisite fifteen-day calendar period. The record provides substantial evidence that the agency acted in good faith and in accordance with the applicable statutes when making the determination to dismiss the appeal. We agree with the trial court's finding that the manifest unfairness relied upon by petitioner had to do with the merits of her dismissal *not* the grievance procedure itself. The trial court properly concluded the agency's decision to enforce the procedural deadline was neither arbitrary nor capricious.

In conclusion, as to each assignment of error we find the trial court applied the proper standard of review without error of law. Thus, the decision below must be and is

Affirmed.

Judges LEWIS and WALKER concur.