ALLTEL COMMUNICATIONS, INC., and H&T PROPERTIES, INC., Petitioners-Appellants,
v.
DAVIDSON COUNTY, Respondent-Appellee.
No. COA06-1137
Court of Appeals of North Carolina.
Filed August 7, 2007
This case not for publication
Smith Moore LLP, by Thomas E. Terrell, Jr., for Petitioners-Appellants.
Robert C. Hedrick for Respondent-Appellee.
McGEE, Judge.
Alltel Communications, Inc. (Alltel) applied to the Davidson County Board of Commissioners (the BOC) on 24 October 2005 for a special use permit to construct a 160 foot wireless telecommunication tower and facility (the proposed tower). Alltel sought to construct the proposed tower on an 0.86 acre tract of land (the tract) located in the Highway Commercial zoning district (HC) and owned by H&T Properties, Inc. The tract is abutted by two properties located in a Rural Agricultural zoning district (RA-1). Davidson County's (the County) zoning ordinance (the ordinance) states that wireless communication towers in non-residential zoningdistricts must meet required setbacks in Article 4, Table of Area, Height, and Placement Regulation, Non-Residential Development Pg. 17B of the Davidson County Zoning Ordinance unless deviation in height limits is requested.
The table in Article 4 of the ordinance establishes the following setbacks for a structure which does not exceed 35 feet in height: 50 feet from the front property line, 0 feet from the side property lines, and 20 feet from the rear property line. The setbacks increase by an additional foot for each two feet, or fraction thereof, by which the height of a proposed tower exceeds 35 feet. The BOC held a public hearing on Alltel's application on 6 February 2006. At the public hearing, Alltel amended its request and decreased the height of the proposed tower to 156 feet and 11 inches. Therefore, the applicable setbacks for the proposed tower would be 111 feet from the front property line, 61 feet from the side property lines, and 81 feet from the rear property line. To reflect the decreased height of the proposed tower, Alltel amended its deviation request to 39 feet and 6.5 inches from the east property line, 21 feet and 11.5 inches from the west property line, and 62 feet and 9.5 inches from the rear property line.
Robert Koontz and Maxine Yarborough owned residential property adjoining the tract and opposed Alltel's application at the hearing. Robert Koontz testified that his house was located 189 feet from the proposed tower location. Steven Yarborough, son of Maxine Yarborough, also testified that the shed in which Maxine Yarborough parked her car was within 120 feet of the proposedtower.
Pursuant to the ordinance, an applicant must satisfy the following criteria in order to receive a special use permit:
(1) The use will promote the public health, safety and general welfare, if located where proposed and developed and operated according to the plan as submitted;
(2) The use, which is listed as a Special Use in the district in which it is proposed to be located, complies with all required regulations and standards of this ordinance including the Area, Height, Bulk and Placement regulations (Article 4), unless greater or different regulations are contained in the individual standards for that special use;
(3) That the use will maintain or enhance the value of contiguous property, or that the use is a public necessity;
(4) That the use is in compliance with the general plans for the physical development of the county as embodied in these regulations.
An applicant is responsible for producing evidence as to each standard to support an application.
The BOC unanimously denied Alltel's application. The BOC found that Alltel met the third and fourth requirements set out in the ordinance. However, the BOC found that Alltel did not meet the first and second requirements. As to the first requirement, the BOC found "[t]he requested deviations from required setbacks are the largest deviations ever requested by an applicant since the new special use permit was created in 1998 for wireless telecommunications towers and facilities." The BOC found that the proximity of the tower to adjoining property lines created "an unsafe environment for the occupied residences closest to the towerbase." The BOC also found that if it granted Alltel's deviation request, it would set a precedent for special use permits which would "go[] against the [ordinance's] intent of providing substantial separation between residential uses and towers."
As to the second requirement, the BOC found that the proposed tower would not satisfy the required setbacks. Further, the BOC found that "[t]he requested setback deviations result[] in the tower being placed too close to the property lines. The property is too small for the proposed use as a cell tower site."
Alltel and H&T Properties, Inc. (collectively Petitioners) filed a complaint and petition for writ of certiorari with the Superior Court, Davidson County on 16 February 2006. Petitioners filed a motion for summary judgment on 21 March 2006, and the County filed a cross-motion for summary judgment on 30 March 2006. Further, the parties stipulated that the proposed tower would be located 39 feet from the corner west of the tower, 18 feet and 2 inches from the property line north of the tower, and 21 feet and 5 inches from the property line northeast of the tower. The Superior Court granted the County's motion on 11 July 2006 and affirmed the BOC's decision. In its judgment, the Superior Court overruled the BOC's finding that Alltel failed to satisfy the first requirement for a special use permit, but upheld the BOC's finding as to Alltel's failure to meet the second requirement. Petitioners appeal.
When determining whether to grant or deny a special use permit, a county board sits in a quasi-judicial capacity. MannMedia, Inc. v. Randolph Cty. Planning Bd., 356 N.C. 1, 12, 565 S.E.2d 9, 16 (2002). In this capacity, a county board of commissioners acts as a finder of fact, and "a reviewing superior court `sits in the posture of an appellate court' and `does not review the sufficiency of evidence presented to it but reviews that evidence presented to the [] board.'" Id. at 12, 565 S.E.2d at 17 (quoting Concrete Co. v. Board of Commissioners, 299 N.C. 620, 626-27, 265 S.E.2d 379, 383, reh'g denied, 300 N.C. 562, 270 S.E.2d 106 (1980)). "When the petitioner `questions (1) whether the [board's] decision was supported by the evidence or (2) whether the decision was arbitrary or capricious, then the reviewing court must apply the `whole record' test.'" ACT-UP Triangle v. Commission for Health Services, 345 N.C. 699, 706, 483 S.E.2d 388, 392 (1997) (quoting In re Appeal by McCrary, 112 N.C. App. 161, 165, 435 S.E.2d 359, 363 (1993)). Under the whole record test, a reviewing court should "`examine all competent evidence . . . in order to determine whether the [board's] decision is supported by substantial evidence.'" Id. (quoting Amanini v. N.C. Dep't of Human Resources, 114 N.C. App. 668, 674, 443 S.E.2d 114, 188 (1994)). This test does not allow the reviewing court to replace the board's judgment as between two reasonably conflicting views, even though the court could justifiably have reached a different result had the matter been before it de novo. . . . Finally, when an appellate court reviews 'a superior court order regarding an agency decision, the appellate court examines the trial court's order for error of law. The process has been described as a twofold task: (1) determining whether the trial court exercised the appropriate scope of review and, if appropriate, (2) deciding whether the court did so properly.'
Mann Media, 356 N.C. at 14, 565 S.E.2d at 17-18 (quoting ACT-UP Triangle, 345 N.C. at 706, 483 S.E.2d at 392).

I.
Petitioners first argue the Superior Court erred by failing to reverse the BOC's finding that Petitioners did not meet the second requirement of the ordinance. We disagree.
In interpreting an ordinance, "[t]he basic rule is to ascertain and effectuate the intention of the [] legislative body." George v. Town of Edenton, 294 N.C. 679, 684, 242 S.E.2d 877, 880 (1978). "Legislative purpose is first ascertained from the plain words of the [ordinance]." Electric Supply Co. v. Swain Electrical Co., 328 N.C. 651, 656, 403 S.E.2d 291, 294 (1991). "It is presumed that the [legislative body] intended each portion to be given full effect and did not intend any provision to be mere surplusage." Builders, Inc. v. City of Winston-Salem, 302 N.C. 550, 556, 276 S.E.2d 443, 447 (1981). The ordinance in this case requires that wireless communication towers located in non-residential zoning districts meet required setbacks in Article 4, Table of Area, Height, and Placement Regulation, Non-Residential Development Pg. 17B of the [ordinance] unless deviation in height limits is requested.
Petitioners argue that the ordinance plainly allows, through the special use permit application process, deviations from setback requirements for towers. Petitioners further argue that where an applicant has provided competent, material, and substantialevidence that the first, third, and fourth requirements have been met, and the second requirement has been met except for the deviations requested, the ordinance requires that the special use permit be granted. Petitioners contend that if the ordinance is interpreted otherwise, an applicant can never satisfy the special use permit standards when requesting a deviation. Because Petitioners' interpretation would render a portion of the ordinance meaningless, we cannot agree.
The provision that setbacks must be met "unless deviation in height limits is requested" does not compel the BOC to automatically grant a deviation upon request. Petitioners' interpretation would render the setback requirement of the ordinance superfluous and meaningless, and would effectively eliminate the setback requirements. If the ordinance was intended to establish that all requests for deviations be automatically granted, the setback requirement need not have been included in the provisions that apply to wireless communications towers. Thus, we cannot conclude that the intent of the ordinance was to require that a special use permit be granted in all instances where a deviation is requested, regardless of the size of the requested deviation.
Petitioners argue that such an interpretation of the ordinance makes it impossible to ever obtain a deviation. We disagree. In its order denying the special use permit, the BOC noted that Alltel's requested deviations were the largest ever requested for a wireless communication tower and that: The requested setback deviations result[] in the tower being placed too close to the property lines. The property is too small for the proposed use as a cell tower site.
Thus, the BOC denied Petitioners' application based upon the specific deviations requested in Alltel's application. The decision to deny Alltel's application was not equivalent to a determination that no deviation request would ever be granted. Rather, the denial was based upon the specific deviations requested and the physical characteristics and dimensions of the tract. We conclude the Superior Court did not err by affirming the BOC's finding that Alltel had failed to satisfy the second requirement.

II.
In their next assignment of error, Petitioners argue that Alltel satisfied the first, third, and fourth requirements, and that Alltel presented sufficient evidence that it would have satisfied the second requirement had the setback deviations been granted. We disagree. However, as we stated above, we affirm the Superior Court's conclusion that Petitioners met the first requirement but failed to meet the second requirement. Therefore, we conclude that the Superior Court did not err by concluding that Alltel was not entitled to a special use permit for the proposed tower. We overrule this assignment of error.

III.
Lastly, Petitioners argue that Alltel was entitled to the special use permit because no competent, material, and substantial evidence in opposition to the special use permit was presented. We disagree. In support of their position, Petitioners cite Concrete Co. In Concrete Co., our Supreme Court held that an applicant that had produced competent, material, and substantial evidence that tended to establish the requirements for the issuance of a special use permit was prima facie entitled to the permit, unless there were contrary findings supported by competent, material, and substantial evidence. Concrete Co., 299 N.C. at 625, 265 S.E.2d at 382 (citing Refining Co. v. Board of Alderman, 284 N.C. 458, 468, 202 S.E.2d 129, 136 (1974)). However, as stated above, we conclude that the Superior Court did not err by concluding that Alltel had not established the second requirement for a special use permit. Therefore, competent evidence existed to support the BOC's denial of the application. We overrule this assignment of error.
Affirmed.
Judges TYSON and ELMORE concur.
Report per Rule 30(e).