RANDOLPH COUNTY, PLAINTIFF v. DAREL EUGENE COEN, ROBERT DANIEL BREWER, INDIVIDUALLY, AND T/D/B/A COEN EQUIPMENT SALES, AND CAROLYN C. COEN, DEFENDANTS

No. 8919DC1287

(Filed 7 August 1990)

**Municipal Corporations § 30.15 (NCI3d) — truck sales business — "existing use" — nonconforming use**

Defendants established an "existing use" in the operation of their truck sales business prior to the effective date of plaintiff county's zoning ordinance which prohibited such a business at defendants' location, and the business therefore qualified as a permitted nonconforming use, where, prior to 6 July 1987, the effective date of the ordinance, defendants had finished preparing the site for operations, met the requirements for and obtained the requisite license to operate, had vehicles available for sale, and were in fact open for business.

**Am Jur 2d, Zoning and Planning §§ 184, 186, 266-269.**

APPEAL by defendants from a judgment entered 8 September 1989 by *Judge William Neely* in RANDOLPH County District Court. Heard in the Court of Appeals 31 May 1990.

Plaintiff filed this action against defendants in August 1988, alleging that defendants violated the Randolph County Zoning Ordinance ("the Ordinance"). Defendants answered, denying the allegation and asserting the affirmative defense that their truck sales business was a permitted nonconforming use in accordance with Article 11 of the Ordinance. In a non-jury trial, plaintiff was awarded a permanent injunction prohibiting defendants from operating their business on the subject property. Defendants appealed.

The evidence indicates that on 6 July 1987 the Randolph County Board of Commissioners adopted a unified land development ordinance, including a county-wide, comprehensive zoning ordinance, which became effective the date of its adoption. At that time, defendant Carolyn Coen owned approximately five acres of undeveloped land within an area zoned Residential-Agricultural under the Ordinance. This property is located on the west side of S.R. 1936 near the intersection of U.S. 220. It is not disputed that the Residential-Agricultural classification of the Randolph County Zoning Ordinance prohibits the operation of storage yards or used truck sales lots, which, as defined under the Ordinance, cover the type of business that defendants Darel Coen and Robert Brewer operate on Carolyn Coen's property. Further, there is no question that prior to the enactment of the Ordinance use of the land as a motor vehicle sales lot was lawful. Finally, the trial court found that defendants acted in good faith in establishing the business and without knowledge that any ordinance existed to prohibit such activity.

In May or June 1987, Darel Coen and Robert Brewer formed a partnership and entered into business as Coen Equipment Sales for the purpose of selling used heavy trucks and other equipment. In early June, Coen and Brewer contacted R. L. Thompson, an inspector for the Division of Motor Vehicles, to determine the prerequisites for obtaining a motor vehicle dealer's license. Thompson informed defendants of the requirements and told the two men that to his knowledge no zoning ordinance pertained to the lot location. Defendants did not become aware of the county zoning restrictions until March 1988.

Coen and Brewer took several steps in June 1987 to prepare the site for their business operations. They cleared shrubs and brush from the property. They graded and put down sand rock for a driveway and hauled trash away from the site several times. They had a small, utility-type building placed on the site at a cost of $75, and they put up a mailbox and a business sign.

Inspector Thompson visited the site on 17 June 1987 and determined that defendants had met the requirements to obtain a dealer's license. Defendants received two licenses, one allowing the wholesale of vehicles anywhere in the state, and the other authorizing them to engage in retail sales on the disputed site. The retail license

authorized defendants to place vehicles on the lot no earlier than 1 July 1987.

At trial Coen testified he put vehicles on the lot shortly after 1 July 1987, but could not be sure vehicles were there prior to 6 July. He also testified that he had vehicles available for sale when his licenses became effective on 1 July. Brewer testified that trucks were on the lot within a week of 1 July. The first sale of a vehicle from the lot occurred on 27 July 1987.

Defendants operated the business by sometimes placing used trucks on the lot with a telephone number on the windshield. No attendant remained at the lot. Primarily, the trucks were bought and sold at public auctions away from the dealership location. Coen would visit the lot once every day or two. The inventory on the lot varied from zero up to fifteen vehicles.

Randolph County Planning Officers first became aware of the commercial operation on 23 May 1988 when defendants began removing some trees and leveling a bank to make the site more visible from the highway. On 4 August 1988, plaintiff served a complaint on defendants praying for a temporary restraining order directing defendants to desist in operating their business, a permanent injunction to enjoin them from operating the business and to assess defendants a penalty of $50 per day for each day they operated after the complaint had been filed.

*W. Ed Gavin for plaintiff appellee.*

*Edwards and Stamey, by Gregory S. Curka, Michael C. Stamey and Billy Edwards, for defendant appellant.*

ARNOLD, Judge.

The issue before us is whether or not defendants established an "existing use" in the operation of their business prior to the effective date of Randolph County's Zoning Ordinance. The Ordinance prohibits the operation of defendants' sales lot at its present location, but the business qualifies as a permitted nonconforming use if it was operational prior to the effective date of the Ordinance. The law protects nonconforming users who, acting in good faith, make a "substantial beginning" toward the intended use of their land. *In Re Campsites Unlimited*, 287 N.C. 493, 501, 215 S.E.2d 73, 78 (1975); *Sunderhaus v. Board of Adjustment of Biltmore Forest*, 94 N.C. App. 324, 380 S.E.2d 132 (1989).

RANDOLPH COUNTY v. COEN

[99 N.C. App. 746 (1990)]

The district court made the following finding: "[defendants'] expenditures did not constitute a significant expenditure of *money* so as to vest the defendants with the right to continue to use said property as a permitted non-conforming use . . ." (emphasis added). This finding, however, constitutes a mistake of law. Our case law does not support the idea that only the expenditure of money constitutes a substantial beginning. A significant expenditure of labor or energy may also demonstrate a substantial beginning. *Sunderhaus*, 94 N.C. App. 324, 380 S.E.2d 132.

Also, the term "substantial" does not refer only to the absolute amount of money or labor expended on a project, but rather reflects the amount expended relative to the size of the overall project. *Id.* In *Sunderhaus*, a homeowner dug a trench in his yard and placed PVC pipe in the trench in preparation for erecting a satellite-dish television antennae. The effective date of a zoning ordinance prohibiting such antennae then passed. We held that when the overall size of the project was considered, the work completed prior to the effective date of the ordinance constituted a substantial beginning. *Sunderhaus*, at 327, 380 S.E.2d at 134; *see also City of Sanford v. Dandy Signs, Inc.*, 62 N.C. App. 568, 303 S.E.2d 228 (1983).

The evidence in the case *sub judice* shows that defendants expended a significant amount of labor and money relative to the amount of work necessary to set up their business prior to the effective date of the Ordinance. Although not a crucial factor, we also note that prior to 6 July, Coen had furnished a security bond of $15,000. *See* N.C. Gen. Stat. § 20-288(e) (1989). While the trial court determined that no vehicles were placed on the lot until after 6 July 1987, this finding is not determinative in deciding whether or not defendants had substantially begun their operations prior to the effective date of the Ordinance. The nature of this business was that often no vehicles were on the business site. We focus instead on the fact that prior to the effective date of the Ordinance, defendants had finished preparing the site for operations, met the requirements for and obtained the requisite licenses to operate and had vehicles available for sale. On 1 July 1987, defendants were in fact open for business. The decision of the district court, therefore, is reversed.

Finally, although the issue is not properly before us at this time, we note that in general nonconforming uses cannot be expand-

ed. The underlying policy of any zoning plan is to restrict and ultimately abolish nonconforming uses.

Reversed.

Judges PHILLIPS and COZORT concur.