JOHN LEON RUSSELL v. GUILFORD COUNTY AND THE GUILFORD COUNTY
BOARD OF COMMISSIONERS

No. 9018SC91

(Filed 30 October 1990)

**Municipal Corporations § 30.16 (NCI3d) — rezoning — prior use —
no vested right**

The trial court did not err by finding and concluding that
plaintiff in an action to set aside a rezoning had not made
substantial expenditures in reasonable reliance on the previous
zoning where plaintiff thought that the seven-acre tract was
all zoned residential when he bought it; he had a plan drawn
up dividing the property into a seven-lot residential subdivi-
sion; he changed his plans after learning that part of the tract
was zoned for commercial uses; plaintiff borrowed $100,000
using the tract in question as part of the collateral and then
sought alteration of his plan and began to pursue the rezoning
of the four residential acres to commercial use; a group of
adjoining landowners filed an application to have the three
acres of commercial property rezoned residential; and the Board
of Commissioners voted to rezone the three commercially zoned
acres to residential. The money that plaintiff spent towards
his first set of plans cannot be said to be substantial expendi-
tures made in reliance on a governmental act because plaintiff
did not know that three of the seven acres were zoned commer-
cial; a large portion of the $100,000 plaintiff borrowed using
the tract in question was expended on general overhead and
an entirely different project; engineering costs related to the
development of the residential portion of the property should
not enter into the calculation since that zoning had not changed;
the trial court correctly did not include $29,000 used to pay
off an old deed of trust on the entire tract because plaintiff
initially bought the property for residential development; and
there was no evidence of ground breaking, tree clearing or
anything done to prepare the site for development.

**Am Jur 2d, Zoning and Planning §§ 18-23, 322 et seq.**

APPEAL by plaintiff from judgment entered 18 September 1989
by *Judge Julius A. Rousseau, Jr.*, in GUILFORD County Superior
Court. Heard in the Court of Appeals 29 August 1990.

*Michael B. Brough & Associates, by Michael B. Brough and Robert E. Hagemann, for plaintiff appellant.*

*Samuel M. Moore for defendant appellee.*

COZORT, Judge.

In this case, the owner of seven acres of land in Guilford County sued Guilford County and the Guilford County Board of Commissioners. Plaintiff requested the court to set aside the rezoning of his land and issue an order permitting plaintiff to proceed with development of the property. The trial court concluded that the plaintiff had not incurred substantial expenditures pertaining to the property in question prior to rezoning so as to create in plaintiff a vested right. The court decreed that the rezoning of the tract was valid. The principal issue presented on appeal is whether the trial court's findings of fact regarding the substantiality of plaintiff's expenditures support the conclusion that plaintiff did not obtain a vested right to develop the property in question as commercial property. We affirm.

Plaintiff purchased the seven-acre tract on 3 July 1985. At that time, three acres were zoned for commercial retail uses and four acres were zoned for residential use only. Plaintiff was under the impression that all of the tract was zoned residential, however, and thus the first subdivision plan he submitted to the Guilford County Planning Board called for development of the property into seven one-acre residential lots. After plaintiff was informed that part of his property was zoned commercial, he hired the same engineer who developed the first plan to draw up a second plan to develop that portion commercially. Because the plan called for off-site sewage disposal, plaintiff was required to submit his new plan to the Guilford County Technical Review Committee [hereinafter TRC]. On 30 October 1986, the TRC sent a memo to plaintiff's engineer stating that the committee had "conditionally" approved the plan. The TRC stamped the actual plan drawing: "APPROVED for B-1 compliance DATE: 10-29-86 GUILFORD COUNTY PLANNING DEPT."

Plaintiff did not take any other action on the development until 16 July 1987 when he obtained a $100,000 loan, using as security the entire seven-acre tract and some other property he owned. Plaintiff testified that the $100,000 was disbursed as follows: $29,000 was used to pay off the principal on the entire seven-acre

tract, $2,500 was used to pay the engineering costs related to the entire seven-acre tract, $200 was spent on the application fee to rezone the residential tract to commercial, $500 was paid to appraise all the property used as collateral, $1,000 was paid for a loan origination fee, and $30,000 was used towards the development of unrelated property. Plaintiff testified that he had also paid taxes on the property.

After obtaining the loan, plaintiff sought alteration of his plan and began to pursue the rezoning of the four residential acres to commercial use. While plaintiff sought this rezoning, a group of adjoining landowners filed an application with the Guilford County Board of Commissioners to have the three acres of commercial property rezoned to residential. On 21 December 1987, after a public hearing, the Board of Commissioners voted to rezone the three commercially zoned acres to residential. Subsequently, plaintiff brought this action claiming, among other things, that he has a vested right to commercially develop the property regardless of the rezoning to residential.

In order to proceed with commercial development in the residential zone, plaintiff must show that he has acquired a vested right in the property as zoned before the rezoning. *Town of Hillsborough v. Smith*, 276 N.C. 48, 170 S.E.2d 904 (1969). The obtaining of a building permit is not the crucial factual issue to be resolved when determining whether a party has acquired a vested right to continue development of land as a nonconforming use after rezoning. *In re Campsites Unlimited*, 287 N.C. 493, 501, 215 S.E.2d 73, 78 (1975). To acquire a vested right under North Carolina law, "it is sufficient that, prior to . . . enactment of the zoning ordinance and with requisite good faith, he make a substantial beginning of construction and incur therein substantial expense." *Hillsborough*, 276 N.C. at 54, 170 S.E.2d at 909. At issue in this case is whether plaintiff made "substantial expenditures" in reasonable reliance on the current zoning of the property before the County Commission rezoned three acres of his property. For the following reasons, we find the trial court did not err in finding and concluding that plaintiff did not.

When plaintiff bought the tract, he thought it was all zoned residential. He had a plan drawn up dividing the property into a seven-lot residential subdivision. After learning that part of his tract was zoned for commercial uses, plaintiff changed his plans.

The money that plaintiff spent towards his first set of plans cannot be said to be substantial expenditures made in reliance on a governmental act of keeping three acres of his property zoned commercial, when plaintiff did not know the acres were zoned commercial. Of the $100,000 that plaintiff borrowed using the tract in question as part of the collateral, a large portion was expended on general overhead and an entirely different project. Further, some of the engineering costs were related to the development of the residential portion of the property; the trial court correctly determined that these expenditures should not enter into the calculation since the zoning for this property had not changed. Further, the trial court correctly did not include the $29,000 used to pay off the old deed of trust on the entire seven-acre tract because plaintiff initially bought the property for residential development.

As recognized in *Randolph v. Coen*, 99 N.C. App. 746, 394 S.E.2d 256 (1990), monetary expenditures are not the only expenditures which may constitute "substantial expenditures." In *Randolph*, the defendants had, prior to the effective date of the ordinance, "finished preparing the site for operations, met the requirements for and obtained the requisite licenses to operate [their used equipment business] and had vehicles available for sale." *Id.* at 749, 394 S.E.2d at 258. However, in this case, plaintiff did not devote substantial time or labor in developing the tract in issue.

Plaintiff purchased the property in July 1985, submitted his plan to the TRC for approval of the off-site sewer facilities in October 1986, and obtained financing in July 1987. Plaintiff admits that the lengthy delay in developing the property was "simply because I was concentrating on other projects and this one was sort of put on the back burner." Thus, plaintiff cannot argue that length of time between plaintiff's purchase of the property and the County's rezoning should be classified as an expense of time or labor made in reliance on the current zoning of the tract.

In *Sunderhaus v. Bd. of Adjustment*, 94 N.C. App. 324, 327, 380 S.E.2d 132, 134 (1989), this Court held that when courts are called on to consider the substantiality of a beginning of construction, the court may consider the size of the projected development. In *Sunderhaus*, the plaintiffs were planning to erect a satellite dish in their yard. The court found that a substantial beginning had been made where the plaintiffs had dug a trench and placed PVC pipe in the trench before the zoning ordinance disallowing

ELLER v. J & S TRUCK SERVICES

[100 N.C. App. 545 (1990)]

such structures was enacted. In the present case, nothing in the record indicates that plaintiff did anything other than hire an engineer to draw up plans for a part commercial, part residential development and submit such plans for TRC approval; the defendant did not expend a significant amount of labor relative to the amount of work necessary to develop the property as he desired. *Randolph*, 99 N.C. App. at 749, 394 S.E.2d at 257. Here there is no evidence of ground breaking, tree clearing or anything else done to prepare the site for development as was the case in *Randolph*.

We hold that the trial court's findings of fact support its conclusion that the plaintiff had not incurred substantial expenditures for the commercial development of this property. Since we find that the plaintiff did not make substantial expenditures, we need not address whether plaintiff's reliance on the TRC's conditional approval of the plan was reasonable. Thus, we affirm the trial court's conclusion that plaintiff did not acquire a vested right to develop his property contrary to the zoning ordinance.

Affirmed.

Judges ORR and DUNCAN concur.