JAMES D. CARDWELL AND WIFE, ELVA R. CARDWELL, J. V. BODENHEIMER AND WIFE, PEGGY BODENHEIMER, A. LEOLIN SELLS AND WIFE, NAOMI W. SELLS, ROBERT F. LINVILLE, RONALD R. SMITH AND WIFE, M. D. SMITH, ADA S. FRYE, AND PEARL S. SELLS, PLAINTIFFS v. AUBREY SMITH, ZONING OFFICER AND SUPERINTENDENT OF INSPECTIONS OF FORSYTH COUNTY, SALEM STONE COMPANY, WILLIAM E. AYERS, JR., AND MARTIN MARIETTA AGGREGATES, AN OPERATING UNIT OF MARTIN MARIETTA CORPORATION, DEFENDANTS

No. 9121SC457

(Filed 5 May 1992)

**Municipal Corporations § 30.6 (NCI3d) — quarry — special use permit — subsequent amendment of ordinance**

The trial court properly granted summary judgment for defendants where the uncontradicted forecast of evidence establishes as a matter of law that defendants made substantial expenditures for the operation of a quarry on the property in question in good faith and in reliance upon the special use permit previously granted by the Zoning Board. Defendants may not now be deprived of their right to continue operation of the quarry by application of the zoning ordinance amendment. Plaintiffs' argument that N.C.G.S. § 153A-344(b) changes the law for obtaining vested rights by requiring that landowners must first obtain a building permit prior to the enactment of the zoning amendment is rejected.

**Am Jur 2d, Statutes § 347.**

APPEAL by plaintiffs from *Beaty (James A.), Judge*. Judgment entered 20 February 1991 in Superior Court, FORSYTH County. Heard in the Court of Appeals 11 March 1992.

This is a civil action wherein plaintiffs seek declaratory and injunctive relief prohibiting defendants from operating a quarry on a certain piece of property in Forsyth County. Plaintiffs are owners of real property which adjoins or abuts the property at issue.

The record discloses the following: On 21 August 1986, defendant Salem Stone applied for a special use permit to operate a quarry on the property in question. On 7 October 1986, the Forsyth County Zoning Board of Adjustment granted defendant the special use permit.

On 5 November 1986, plaintiffs filed a petition for writ of certiorari seeking to have the superior court review the Zoning Board's decision. Plaintiffs also filed an action in superior court for an order declaring the action of the Zoning Board to be improper and enjoining any county agency from granting defendant the necessary permits to begin operation of the quarry. These matters were consolidated for hearing before Judge Albright on 26 January 1987, who dismissed both the writ of certiorari and the action for declaratory and injunctive relief with prejudice.

Plaintiffs appealed Judge Albright's decision to this Court, but on 11 May 1987, before we considered the appeal, the Forsyth County Commissioners adopted an amendment to the Zoning Ordinance prohibiting the operation of a quarry on property zoned R-6, like the property in question.

In response to the Commissioners' actions, plaintiffs filed a second action on 22 May 1987 seeking declaratory and injunctive relief contending that the zoning amendment applied to defendant Salem Stone. Both parties moved for summary judgment. Judge Walker entered summary judgment as to all defendants in the matter and plaintiffs appealed.

On 2 December 1987, this Court heard plaintiffs' appeal from Judge Albright's decision dismissing their writ of certiorari and action for declaratory relief. In that case [hereinafter "Cardwell I"], we held the vote of the Zoning Board granting the special use permit was not in violation of G.S. 153A-3, but the Board had failed to follow its procedure after the vote requiring a summary of the evidence and proper findings of fact to support its decision. Cardwell v. Forsyth County Zoning Board of Adjustment, 88 N.C. App. 244, 362 S.E.2d 843 (1987), disc. review denied, 321 N.C. 742, 366 S.E.2d 858 (1988). Judge Albright's decision was reversed and the matter was remanded to the Zoning Board for the preparation of a summary of the evidence and the setting out of findings of fact. Id.

In accordance with our decision in Cardwell I, the Zoning Board held special meetings in July and August 1988 to summarize the evidence and make findings of fact supporting its decision granting defendant the special use permit. Following the Board's action, plaintiffs filed and were granted a petition for writ of certiorari to have the superior court review these findings.

CARDWELL v. SMITH

[106 N.C. App. 187 (1992)]

Before the superior court had an opportunity to review these findings, however, plaintiffs' appeal from Judge Walker's decision granting summary judgment in favor of defendants on the issue of whether plaintiffs were entitled to declaratory and injunctive relief as a result of the 11 May 1987 amendment to the Zoning Ordinance was heard by this Court. In that opinion [hereinafter "*Cardwell II*"], we held:

> This declaratory action raises the question of whether the amended zoning ordinance applies to defendants; thus, precluding them from receiving building permits, or whether defendants are entitled to building permits by virtue of the special use permit. To answer that, it is necessary to have a final determination of the validity of the special use permit originally granted. That determination has only now begun to proceed through our Court system.

*Cardwell v. Smith*, 92 N.C. App. 505, 508, 374 S.E.2d 625, 627 (1988), *disc. review denied*, 324 N.C. 334, 378 S.E.2d 790 (1989). Because the matter was not "ripe for determination," we reversed the trial court's entry of summary judgment for defendants and remanded the cause to the superior court for entry of an order dismissing the action. *Id.*

On 30 January 1989, plaintiffs' petition for writ of certiorari to review the findings of the Zoning Board came on for hearing. On that same date, Judge Martin entered an order affirming the action of the Board and validating its grant of the special use permit to defendant. Plaintiffs again appealed to this Court.

Before this appeal could be heard and in order to prevent the possible running of the statute of limitations, plaintiffs filed the present action seeking declaratory and injunctive relief based on the amendment to the Zoning Ordinance. Plaintiffs also filed a "Motion To Stay Proceedings" pending the decision of this Court on the validity of the permit.

On 17 July 1990, this Court entered an opinion affirming Judge Martin's decision validating the action of the Zoning Board in granting the special use permit to defendant. *Cardwell v. Forsyth County, et al.*, Slip Op. No. 8921SC586 (filed 17 July 1990). Plaintiffs accordingly amended their complaint alleging that:

> 16. On or about May 22, 1987, the Plaintiffs sought a determination by the courts that Defendants had no vested

right to proceed with its proposed quarry operation since it was contrary to the May 11, 1989 zoning and they did not have a building permit as of that date as required by N.C.G.S. 153A-344(b). The Court of Appeals held that the issue was "not ripe for determination" at that time due to the uncertainty about the special use permit. The Plaintiffs contend that that question, as well as the question of good faith on the part of the corporate defendants, is now ripe for determination.

On 21 January 1991, defendants filed a motion for summary judgment attaching supporting affidavits and exhibits including among other things copies of the special use permit, a state highway permit, a state 'mining permit, a county air quality permit, and county building permits dated 20 August 1987, 30 September 1987, 6 October 1987 and 16 October 1987. Plaintiffs also filed a motion for summary judgment and both motions were heard before Judge Beaty on 18 February 1991. On 20 February 1991, Judge Beaty entered an order denying plaintiffs' motion for summary judgment and granting defendants' motions dismissing plaintiffs' action. Plaintiffs appealed.

*Hutchins, Tyndall, Doughton & Moore, by Claude M. Hamrick, Thomas W. Moore, Jr., and Maureen T. Orbock, for plaintiff, appellants.*

*Petree Stockton & Robinson, by Ralph M. Stockton, Jr., Jeffrey C. Howard and Stephen R. Berlin, for defendant, appellees, William F. Ayers, Jr., Salem Stone Company and Martin Marietta Aggregates.*

*P. Eugene Price, Jr., for defendant, appellee, Aubrey Smith.*

HEDRICK, Chief Judge.

The only question presented by this appeal is whether the amendment to the Zoning Ordinance adopted by the Forsyth County Commissioners on 11 May 1987 applied to defendant Salem Stone so as to preclude defendant from operating a quarry on the property in question pursuant to a previously obtained, valid special use permit.

The courts of this state have long recognized that "[a] zoning ordinance . . . is in derogation of the right of private property and provisions therein granting exemptions or permissions are to be liberally construed in favor of freedom of use." *In re Application*

*of Construction Co.*, 272 N.C. 715, 718, 158 S.E.2d 887, 890 (1968). In *Town of Hillsborough v. Smith*, 276 N.C. 48, 170 S.E.2d 904 (1969), our Supreme Court held:

> [O]ne who, in good faith and in reliance upon a permit lawfully issued to him, makes expenditures or incurs contractual obligations, substantial in amount, incidental to or as part of the acquisition of the building site or the construction or equipment of the proposed building for the proposed use authorized by the permit, may not be deprived of his right to continue such construction and use by the revocation of such permit, whether the revocation be by the enactment of an otherwise valid zoning ordinance or by other means, and this is true irrespective of the fact that such expenditures and actions by the holder of the permit do not result in any visible change in the condition of the land.

*Id.* at 55, 170 S.E.2d at 909. This Court has further held "[t]o acquire a right to carry on construction, a property owner must make a substantial beginning toward the end result of the project." *Sunderhaus v. Bd. of Adjustment of Biltmore Forest*, 94 N.C. App. 324, 326-27, 380 S.E.2d 132, 134 (1989).

In the present case, defendants submitted the affidavit of Mr. William E. Ayers, Jr., employee of defendant Martin-Marietta, to show the expenditures made by defendants in reliance upon the special use permit. He averred as follows:

> Between October 8, 1986 and May 11, 1987, Martin Marietta spent over $1,000,000 to begin the quarry operations. Specifically, Martin Marietta Aggregates spent approximately $950,000 to purchase the real property upon which the quarry now operates. Martin Marietta also spent approximately $250,000 on various services including engineering, drainage design, erosion control, mapping, environmental and geotechnical consulting, the process for obtaining various permits, core drilling, legal fees, public relations and efforts to address various environmental matters. I spent $1,119.75 to get various permits, including the state mining permit, driveway permit, air quality permit, NPDES permit, and to copy various maps and documents recorded at the Register of Deeds Office.

> As with other businesses, before a quarry can be opened a substantial amount of preparatory work must be done. This

has included meetings with various land owners, meetings and discussions with county and state officials, attending and testifying at various public hearings, preparing applications for various permits related to mining operations, conducting tours for officials inspecting the site, negotiating the purchase of equipment, discussing the erosion control plan with landscape architects, various testing, and meetings with attorneys concerning the previous lawsuits brought by the opposition to this quarry against Salem Stone before the instant case.

Plaintiffs failed to produce any evidence to counter Mr. Ayers' affidavit.

On a motion for summary judgment, the question before the court is whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a party is entitled to judgment as a matter of law. *Gregory v. Perdue, Inc.*, 47 N.C. App. 655, 267 S.E.2d 584 (1980). We hold the uncontradicted forecast of evidence establishes as a matter of law that defendants made substantial expenditures for the operation of a quarry on the property in question in good faith and in reliance upon the special use permit previously granted by the Zoning Board. Therefore, defendants may not now be deprived of their right to continue operation of the quarry by application of the zoning ordinance amendment.

Plaintiffs' argument that G.S. 153A-344(b) changes the law for obtaining vested rights by requiring that land owners must first obtain a building permit prior to the enactment of the zoning amendment is rejected.

The judgment of the trial court entering summary judgment in favor of all defendants and dismissing plaintiffs' action is affirmed.

Affirmed.

Judges ARNOLD and WELLS concur.