VERNON SIMPSON, PETITIONER v. CITY OF CHARLOTTE, NORTH CAROLINA, A MUNICIPAL CORPORATION; AND VULCAN MATERIALS COMPANY, RESPONDENTS

No. 9326SC268

(Filed 7 June 1994)

1. **Zoning § 121 (NCI4th)— zoning ordinance—validity not before court**

    The trial court, in reviewing a board of adjustment's issuance of a quarry permit, erred by holding that a section of a city's ordinance allowing quarries to be established in any zoning district violated N.C.G.S. § 160A-381, which requires that zoning ordinances promote the health, safety, morals, and general welfare, since the validity of the ordinance was not before the superior court through its derivative appellate jurisdiction.

    **Am Jur 2d, Zoning and Planning §§ 1054-1061.**

2. **Zoning § 54 (NCI4th)— quarry permit—vested right under statute—statute inapplicable**

    The trial court erred in holding that respondent had received a vested right to a quarry permit under N.C.G.S. § 160A-385(b), since that statute speaks to those cases where a building permit has been issued prior to changes in zoning ordinances, but this

case did not involve a building permit, and the statute was therefore inapplicable.

**Am Jur 2d, Zoning and Planning § 611.**

3. **Zoning § 54 (NCI4th)— quarry permit—vested interest by virtue of substantial beginning toward intended use— insufficient evidence**

Whether respondent had a vested right to a permit to construct a quarry depended upon whether respondent had, acting in good faith, made a substantial beginning toward its intended use of the land, and this issue was not addressed, since the Zoning Board of Adjustment erroneously concluded that respondent had a vested right to the permit under N.C.G.S. § 160A-385(b).

**Am Jur 2d, Zoning and Planning § 611.**

4. **Zoning § 67 (NCI4th)— application for quarry permit— noise and vibration ordinances inapplicable**

The trial court did not err in concluding that two general zoning ordinances regarding noise and vibrations did not apply to respondent's application for a quarry permit, since those ordinances applied to the operation of a use, not whether a use permit should be issued, and, if respondent violated the noise and vibration ordinances, the code provided for an enforcement mechanism to compel compliance.

**Am Jur 2d, Zoning and Planning §§ 986-1007.**

Appeal by respondent Vulcan Materials Company from order entered 30 December 1992 by Judge Marcus Johnson in Mecklenburg County Superior Court. Heard in the Court of Appeals 11 January 1994.

*Horack, Talley, Pharr & Lowndes, P.A., by Russell J. Schwartz, Robert B. McNeill and Neil C. Williams and Womble, Carlyle, Sandridge & Rice, by Roddey M. Ligon, Jr. and Grady Barnhill, Jr., for respondent-appellant Vulcan Materials Company.*

*Weinstein & Sturges, P.A., by T. LaFontine Odom, Sr., and George Daly, P.A., by George Daly and Sharon Samek, for petitioner-appellee Vernon Simpson.*

WYNN, Judge.

On 23 September 1991 the City of Charlotte adopted a new zoning ordinance effective 1 January 1992. The new ordinance contained

SIMPSON v. CITY OF CHARLOTTE

[115 N.C. App. 51 (1994)]

section 12.505 which allowed a quarry to be established in any zoning district, including residential districts, subject to certain requirements. Respondent Vulcan Materials Co. filed an application with the city's Building Standards Department for a permit for the construction and operation of a quarry on 112 acres of land zoned light industrial, general industrial, and multi-family. The land adjoins an existing quarry which has been in operation since 1972.

On 3 February 1992 the Charlotte-Mecklenburg Planning Commission filed a zoning ordinance text amendment application seeking to eliminate quarries and sanitary landfills as uses permitted in all districts and instead limiting those uses to the general industrial districts. Subsequently, on 13 March 1992 the Zoning Administrator issued a quarry permit to respondent. The ordinance amendment was presented to the Charlotte City Council on 16 March 1992 and the City Council approved the amendment on 20 April 1992.

On 28 April 1992, petitioner Vernon Simpson, an owner of multi-family and industrial-zoned property located across the street from a portion of respondent's proposed quarry, appealed the Zoning Administrator's decision to issue respondent a quarry permit to the Zoning Board of Adjustment (Board). The Board concluded that the Zoning Administrator had properly issued the permit in accordance with the unamended ordinance section 12.505 which permitted quarries in any district. Petitioner then filed a petition for writ of certiorari to review the Board's decision with the superior court pursuant to N.C. Gen. Stat. § 160A-388(e).

The superior court determined that respondent had complied with the zoning ordinance requirements and that the permit was properly issued. The court ruled, however, that the unamended section 12.505 violates the requirement of N.C. Gen. Stat. § 160A-381 that zoning regulations promote the "health, safety, morals, or the general welfare of the community." N.C. Gen. Stat. § 160A-381 (1987). The court concluded that the ordinance fails to require consideration of the noise, fumes, and vibrations which are the effects of quarry operations and that this failure violates N.C. Gen. Stat. § 160A-381. The court ruled that because the zoning ordinance violates the state statute, the permit issued to respondent is null and void.

From that order, respondent appeals. Petitioner Simpson cross-appeals the superior court's holding that respondent had a vested right to the permit and that Charlotte's noise and vibration ordinances did not apply to respondent's quarry application.

Respondent Vulcan Materials Company's Appeal.

**[1]** Respondent argues that the trial court erred by holding that the permit issued to petitioner was void because ordinance section 12.505 violated N.C. Gen. Stat. § 160A-381. Respondent contends the question of the validity of section 12.505 was not before the superior court on writ of certiorari. We agree.

Chapter 160A provides that every decision of a board of adjustment "shall be subject to review by the superior court by proceedings in the nature of certiorari." N.C. Gen. Stat. § 160A-388(e) (Cum. Supp. 1993). When the superior court reviews the decision of a board of adjustment on certiorari the superior court sits as an appellate court. *Abernethy v. Town of Boone Bd. of Adjustment*, 109 N.C. App. 459, 427 S.E.2d 875 (1993); *Flowerree v. City of Concord*, 93 N.C. App. 483, 378 S.E.2d 188 (1989). The scope of review of the superior court in such instance includes:

(1) Reviewing the record for errors in law,

(2) Insuring that procedures specified by law in both statute and ordinance are followed,

(3) Insuring that appropriate due process rights of a petitioner are protected including the right to offer evidence, cross-examine witnesses, and inspect documents,

(4) Insuring that decisions of town boards are supported by competent, material and substantial evidence in the whole record, and

(5) Insuring that decisions are not arbitrary and capricious.

*Coastal Ready-Mix Concrete Co., Inc. v. Board of Comm'rs*, 299 N.C. 620, 626, 265 S.E.2d 379, 383, *reh'g denied*, 300 N.C. 562, 270 S.E.2d 106 (1980); *Guilford County Dept. of Emer. Serv. v. Seaboard Chemical Corp.*, 114 N.C. App. 1, 441 S.E.2d 177 (1994); *Abernethy*, 109 N.C. App. at 462, 427 S.E.2d at 877. "The matter is before the Court to determine whether an error of law has been committed and to give relief from an order of the Board which is found to be arbitrary, oppressive or attended with manifest abuse of authority." *In re Campsites Unlimited, Inc.*, 287 N.C. 493, 498, 215 S.E.2d 73, 76 (1975). The superior court is not the trier of fact since that is the function of the town board. *Coastal*, 299 N.C. at 626, 265 S.E.2d at 383. The question before the superior court is whether the board's findings of fact are supported by competent evidence in the record;

if so, they are conclusive upon review. *Batch v. Town of Chapel Hill*, 326 N.C. 1, 387 S.E.2d 655, *cert. denied*, 496 U.S. 931, 110 L. Ed. 2d 651 (1990).

In the instant case, the superior court held that "Section 12.505 of the Zoning Ordinance is in violation of N.C. Gen. Stat. § 160A-381 which requires that zoning ordinances promote the health, safety, morals and general welfare." The validity of section 12.505, however, was not before the superior court through its derivative appellate jurisdiction. The Board of Adjustment only has the authority to grant or deny the permit under the zoning ordinance. *Sherrill v. Town of Wrightsville Beach*, 76 N.C. App. 646, 334 S.E.2d 103 (1985). Thus, the superior court, pursuant to a writ of certiorari under N.C. Gen. Stat. § 160A-388(e), only has the power to review the issue of whether the permit was properly granted or denied. *Sherrill*, 76 N.C. App. at 649, 334 S.E.2d at 105. *See Batch*, 326 N.C. at 10, 387 S.E.2d at 661-2 (petition for writ of certiorari to review decision of town denying subdivision application improperly joined with cause of action alleging constitutional violations pursuant to 42 U.S.C. §§ 1983 and 1988, and N.C. Gen. Stat. § 40A-8); *Seaboard Chemical*, 114 N.C. App. at 10-11, 441 S.E.2d at 182 (scope of review under N.C. Gen. Stat. § 153A-340 to review the decision of a county board of commissioners to issue or deny a special use permit does not include the adjudication of whether the denial of the permit constitutes a taking without just compensation, inverse condemnation, or a violation of 42 U.S.C. § 1983). Therefore, the superior court erred by concluding that section 12.505 violated N.C. Gen. Stat. § 160A-381 and that the permit issued to respondent was null and void.

### Petitioner Vernon Simpson's Cross-Appeal

### I.

[2] Petitioner first assigns error to the superior court's conclusion that respondent had a vested right to its permit to construct a quarry. Petitioner argues that the amendment to section 12.505 deleted quarries and sanitary landfills as uses permitted in all districts and instead limited those uses to general industrial districts. Petitioner contends that after this amendment was adopted by the City Council, respondent's permit allowing the operation of a quarry in a residential district was no longer valid. The Board found that N.C. Gen. Stat. § 160A-385(b) provides that respondent has a vested right to its permit and is not subject to the subsequent amendment to the ordinance. The superior court affirmed this finding. We conclude, how-

ever, that N.C. Gen. Stat. § 160A-385(b) is not applicable and that there was an insufficient factual record before the Board to determine that respondent had a vested right to its permit.

" 'A lawfully established non-conforming use is a vested right and is entitled to constitutional protection.' " *Godfrey v. Zoning Bd. of Adjustment*, 317 N.C. 51, 62, 344 S.E.2d 272, 279 (1986) (quoting 4 E. Yokley, *Zoning Law and Practice*, § 22-3 (4th ed. 1979) ). There appears to be two ways in which a party can acquire a vested right to continue to develop land in a nonconforming use after a change in the zoning ordinance; either by complying with the requirements of N.C. Gen. Stat. § 160A-385(b) or by "acting in good faith, mak[ing] a 'substantial beginning' toward the intended use of [the] land." *Randolph County v. Coen*, 99 N.C. App. 746, 748, 394 S.E.2d 256, 257 (1990) (quoting *Campsites*, 287 N.C. at 501, 215 S.E.2d at 78 (1975) ).

N.C. Gen. Stat. § 160A-385(b) provides in pertinent part:

> Amendments, modifications, supplements, repeal or other changes in zoning regulations and restrictions and zone boundaries shall not be applicable or enforceable without consent of the owner with regard to buildings and uses for which either (i) building permits have been issued pursuant to G.S. 160A-417 prior to the enactment of the ordinance making the change or changes so long as the permits remain valid and unexpired pursuant to G.S. 160A-418 and unrevoked pursuant to G.S. 160A-422 or (ii) a vested right has been established pursuant to G.S. 160A-385.1 and such vested right remains valid and unexpired pursuant to G.S. 160A-385.1.

N.C. Gen. Stat. § 160A-385(b) (Cum. Supp. 1993).

It is undisputed that part (ii) is inapplicable since respondent's quarry application is not a development plan covered by N.C. Gen. Stat. § 160A-385.1. Petitioner contends that the permit issued to respondent was not a building permit under part (i) of N.C. Gen. Stat. § 160A-385(b) and therefore respondent did not have a vested right to the quarry permit.

The Board concluded that the permit issued to respondent was a building permit under § 160A-385(b).

7. The zoning administrator properly interpreted and applied the zoning provisions in the issuance of the permit on March 13, 1992, and the applicant is not subject to the change in the Zoning

Ordinance that occurred on April 20, 1992, because of N.C.G.S. § 160A-385(b) which refers to "building" permits but the quarry permit issued pursuant to Coce (sic) § 12.505 is within the purview of the·statute.

The superior court affirmed this conclusion.

We conclude, however, that the permit issued to respondent was not a building permit under N.C. Gen. Stat. § 160A-385(b). The statute clearly requires that in order to obtain a vested right to a nonconforming use, a building permit "pursuant to N.C.G.S. 160A-417 must have been issued prior to the enactment of the ordinance making the change or changes." N.C. Gen. Stat. § 160A-385(b) (Cum. Supp. 1993). N.C. Gen. Stat. § 160A-417(a) provides that a building permit "shall be in writing and shall contain a provision that work done shall comply with the State Building Code and all other applicable State and local laws." N.C. Gen. Stat. § 160A-417(a) (Cum. Supp. 1993). The Zoning Administrator stated that the permit that was issued to respondent was the equivalent of a building permit. Respondent's permit, however, does not contain the compliance provision required by § 160A-417 and in the notice sent to adjoining property owners, the Zoning Administrator refers to respondent's permit as a "zoning permit." Therefore, we conclude that the trial court erred by holding respondent had received a vested right to the quarry permit under N.C. Gen. Stat. § 160A-385(b).

[3] Such a conclusion, however, does not end our inquiry. Respondent still could obtain a vested right to its permit if it, acting in good faith, made a substantial beginning towards its intended use of the land. *Sunderhaus v. Board of Adjustment of the Town of Biltmore Forest*, 94 N.C. App. 324, 326, 380 S.E.2d 132, 133 (1989); *see Cardwell v. Smith*, 106 N.C. App. 187, 415 S.E.2d 770, *disc. rev. denied*, 332 N.C. 146, 419 S.E.2d 569 (1992); *Coen*, 99 N.C. App. at 748, 394 S.E.2d at 257 (1990). Our Supreme Court has held:

> [O]ne who, in good faith and in reliance upon a permit lawfully issued to him, makes expenditures or incurs contractual obligations, substantial in amount, incidental to or as part of the acquisition of the building site or the construction or equipment of the proposed building for the proposed use authorized by the permit, may not be deprived of his right to continue such construction and use by the revocation of such permit, whether the revocation be by the enactment of an otherwise valid zoning ordinance or by other means, and this is true irrespective of the fact that such

expenditures and actions by the holder of the permit do not result in any visible change in the condition of the land.

*Town of Hillsborough v. Smith*, 276 N.C. 48, 55, 170 S.E.2d 904, 909 (1969); *Campsites*, 287 N.C. at 500-1, 215 S.E.2d at 77; *Cardwell*, 106 N.C. App. at 191, 415 S.E.2d at 773.

A determination of whether respondent had a vested right to the quarry permit under this analysis requires the resolution of several questions of fact including the reasonableness of respondent's reliance on the permit, whether it exercised good or bad faith, and whether it incurred substantial expenditures prior to the amendment to the ordinance. *Godfrey*, 317 N.C. at 63, 344 S.E.2d at 279. Since the Board erroneously concluded respondent had a vested right to the permit under N.C. Gen. Stat. § 160A-385(b), these issues were not addressed by the Board. There is evidence in the record that respondent made expenditures in the amount of $20,000.00 after it received the quarry permit. Whether these expenditures were substantial and made in good faith are questions of fact for the Board. *Godfrey*, 317 N.C. at 63, 344 S.E.2d at 279. It is not the function of the reviewing court to find the facts. *Campsites*, 287 N.C. at 498, 215 S.E.2d at 76. Therefore, the question of whether respondent had a vested right to the permit must be remanded to the superior court for further remand to the Board for additional findings of fact. *See Godfrey*, 317 N.C. at 63, 344 S.E.2d at 279.

II.

[4] Petitioner next assigns error to the superior court's conclusion that two general zoning ordinances regarding noise and vibrations did not apply to respondent's application for a quarry permit. We disagree. The ordinances read as follows in pertinent part:

Section 12.701. Noise.

No use shall be operated as to generate recurring noises that are unreasonably loud, cause injury or create a nuisance to any person of ordinary sensitivities. . . .

Section 12.703. Vibration.

No use shall be operated so as to generate inherent or recurring ground vibrations detectable at the property line which create a nuisance to any person of ordinary sensitivities on another property.

In interpreting a zoning ordinance, the basic rule is to discern and effectuate the intent of the legislative body. Coastal, 299 N.C. at 629, 265 S.E.2d at 385. The legislative intent is determined by examining the language, spirit, and goal of the ordinance. *Capricorn Equity Corp. v. Town of Chapel Hill Bd. of Adjustment*, 334 N.C. 132, 431 S.E.2d 183 (1993). "Since zoning ordinances are in derogation of common-law property rights, limitations and restrictions not clearly within the scope of the language employed in such ordinances should be excluded from the operation thereof." Id. at 138-9, 431 S.E.2d at 188.

In the instant case, the Board determined and the superior court affirmed, that the noise and vibration ordinances apply to the operation of a use, not whether a use permit should be issued. The Board concluded that if respondent violated the noise and vibration ordinances the code provided for an enforcement mechanism to compel compliance. We agree with this interpretation and petitioner's assignment of error is overruled.

We have examined petitioner's two remaining assignments of error and find them to be without merit. We hold that the order of the superior court that ordinance section 12.505 violated N.C. Gen. Stat. § 160A-381 is reversed and the issue of whether respondent obtained a vested right to the permit must be remanded to the superior court for further remand to the Board of Adjustment for additional findings of fact. In all other respects the order of the superior court is affirmed.

Affirmed in part, reversed in part, and remanded.

Chief Judge ARNOLD and Judge MARTIN concur.