**EASTERN OUTDOOR, INC. v. BOARD OF ADJUST. OF JOHNSTON CTY.**

[150 N.C. App. 516 (2002)]

EASTERN OUTDOOR, INC., PETITIONER v. BOARD OF ADJUSTMENT OF JOHNSTON
COUNTY, RESPONDENT

No. COA01-546

(Filed 4 June 2002)

**1. Administrative Law— judicial review of agency decision—
outdoor advertising signs—billboards—de novo standard
of review**

The trial court's order upholding respondent board of adjust-
ment's decision approving the revocation of land-use permits
issued to petitioner for the erection of outdoor advertising signs
or billboards clearly delineated and applied the appropriate de
novo standard of review.

**2. Zoning— outdoor advertising signs—billboards—revoca-
tion of land-use permits**

The trial court did not err by upholding respondent board of
adjustment's decision approving the revocation of land-use per-
mits issued to petitioner for the erection of outdoor advertising
signs or billboards, because: (1) N.C.G.S. § 153A-362 gives a
county the authority to revoke permits that are issued in vio-
lation of a county zoning ordinance, and the Johnston County
Zoning Ordinance did not permit the erection of billboards in the
AR/R-40 zoning district; (2) petitioner's permits were issued
under mistake of law and respondent was authorized to revoke
petitioner's permit; and (3) the fact that petitioner made a sub-
stantial investment in the property does not give it the right to
violate an existing ordinance.

Judge TYSON dissenting.

Appeal by petitioner from order entered 27 December 2000 by
Judge Knox V. Jenkins in Johnston County Superior Court. Heard in
the Court of Appeals 20 February 2002.

*Waller Law Firm, P.L.L.C., by Betty S. Waller, for petitioner
appellant.*

*Johnston County Attorney J. Mark Payne for respondent
appellee.*

EASTERN OUTDOOR, INC. v. BOARD OF ADJUST. OF JOHNSTON CTY.

[150 N.C. App. 516 (2002)]

TIMMONS-GOODSON, Judge.

Eastern Outdoor, Inc. ("petitioner") appeals from the trial court's order upholding the decision by the Johnston County Board of Adjustment ("respondent") approving the revocation of certain land-use permits issued to petitioner. For the reasons stated herein, we affirm the order of the trial court.

The facts pertinent to the instant appeal are as follows: On 17 December 1999, the Johnston County Planning Department ("Planning Department") issued two land-use permits to petitioner for the erection of outdoor advertising signs, or billboards. The permits allowed the placement of billboards on two parcels of private property adjacent to North Carolina Highway 42 within the zoning jurisdiction of Johnston County. The applicable zoning designation for these parcels of land was "AR/R-40." Pursuant to the issuance of the permits, petitioner began construction for the placement of its billboards on the two sites. On 8 February 2000, however, the director of the Planning Department revoked the permits on the grounds that the AR/R-40 zoning district did not permit outdoor advertising.

Petitioner appealed the revocation of its permits to respondent, which held a hearing on the matter on 31 May 2000. In its subsequent order upholding the decision of the Planning Director, respondent concluded that, because the AR/R-40 zoning designation of the land for which petitioner's permits were issued did not permit billboards, "the permits issued to [petitioner] were issued under a mistake of law. As such, the permits were not valid permits and the Planning Director acted within his authority to revoke the subject permits." Respondent therefore issued an order upholding the Planning Director's decision to revoke petitioner's permits.

Petitioner sought a writ of *certiorari* from the Johnston County Superior Court, which heard the matter on 12 December 2000. Reviewing respondent's decision *de novo*, the trial court concluded that respondent had committed no error of law, and further, that upon review of the whole record, respondent's order "was supported by competent, material and substantial evidence" and "was neither arbitrary nor capricious." The court further determined that respondent had "followed procedures specified by law, in statute and ordinance" and had not violated petitioner's due process rights. The trial court therefore issued an order upholding respondent's decision, from which order petitioner now appeals.

Petitioner contends that the trial court did not consider and rule upon all of the issues raised by petitioner, and further, that the trial court failed to specify the standard under which it reviewed those issues upon which it did rule. Petitioner further argues that the trial court erred in affirming respondent's decision.

Upon reviewing a decision by a board of adjustment, the superior court's scope of review includes:

(1) Reviewing the record for errors in law,

(2) Insuring that procedures specified by law in both statute and ordinance are followed,

(3) Insuring that appropriate due process rights of a petitioner are protected including the right to offer evidence, cross-examine witnesses, and inspect documents,

(4) Insuring that decisions of town boards are supported by competent, material and substantial evidence in the whole record, and

(5) Insuring that decisions are not arbitrary and capricious.

*Simpson v. City of Charlotte*, 115 N.C. App. 51, 54, 443 S.E.2d 772, 775 (1994). Depending upon the nature of the alleged error, the superior court must apply one of two standards of review in an administrative appeal of a decision by a board of adjustment. Where the petitioner asserts that the board's decision is based on an error of law, *de novo* review is proper. *See Westminster Homes, Inc. v. Town of Cary Zoning Bd. of Adjust.*, 140 N.C. App. 99, 102, 535 S.E.2d 415, 417 (2000), *affirmed*, 354 N.C. 298, 554 S.E.2d 634 (2001). If the petitioner contends that the board's decision is arbitrary or capricious, or is unsupported by the evidence, the court applies the "whole record" test. *See In re Appeal by McCrary*, 112 N.C. App. 161, 165, 435 S.E.2d 359, 363 (1993). When this Court reviews such appeals from the superior court, our review is limited to determining whether (1) the superior court determined the appropriate scope of review and (2) whether the superior court, after determining the proper scope of review, properly applied such a standard. *See id.* at 166, 435 S.E.2d at 363.

[1] By its first assignment of error, petitioner asserts that the trial court's order must be reversed because it failed to specify the standard under which the court reviewed respondent's decision. Petitioner also contends that the trial court erred in fail-

ing to address constitutional and equitable estoppel issues raised by petitioner.

In a case remarkably similar to the one at bar, *Capital Outdoor, Inc. v. Guilford Cty. Bd. of Adjust.*, 146 N.C. App. 388, 552 S.E.2d 265 (2001), the petitioner was engaged in the business of outdoor advertising. The Planning Department of Guilford County issued the petitioner a building permit, but later revoked it because such permit was issued in violation of a development ordinance. The petitioner appealed the revocation of its permit to the Guilford County Board of Adjustment, which affirmed the Planning Department's decision. Like present petitioner, the petitioner in *Capital Outdoor* thereafter filed a writ of *certiorari* with the Guilford County Superior Court, alleging that the Board's decision was arbitrary and capricious, unsupported by the evidence, and violative of the petitioner's constitutionally protected rights of free speech, due process and equal protection. The petitioner further asserted that the Board was equitably estopped from revoking the permit. The superior court affirmed the Board's decisions, stating that they were "supported by competent material and substantial evidence and are not affected by error of law." *Id.* at 391, 552 S.E.2d at 267.

On appeal, this Court reversed the trial court's judgment, holding that, because the trial court had failed to delineate which standard it had applied in resolving each separate issue raised, "this Court cannot readily ascertain whether the superior court applied the appropriate standard of review to each allegation." *Id.* We therefore reversed and remanded the case to the superior court "with instructions to characterize the issues before the court and clearly delineate the standard of review used to resolve each issue raised by the parties." *Id.* at 392, 552 S.E.2d at 268.

Judge Greene dissented from the majority opinion, stating that the dispositive issue in the case was whether the Board had committed an error of law in its interpretation of the applicable development ordinance. Thus, Judge Greene reasoned, whether the superior court had utilized a *de novo* or a "whole record" review was immaterial, as the court specifically concluded that the Board committed no errors of law. Judge Greene noted that "an appellate court's obligation to review a superior court order for errors of law . . . can be accomplished by addressing the dispositive issue(s) before the agency and the superior court without examining the scope of review utilized by the superior court." *Id.* (Greene, J., dissenting) (citation omitted). Judge Greene then went on to analyze the applicable development

ordinance, ultimately concluding that the Board, and likewise the trial court, had erred in its interpretation of the ordinance, and thus determined that the order should be reversed for reinstatement of the petitioner's billboard permit. In a decision issued *per curiam*, our Supreme Court subsequently reversed this Court's opinion in *Capital Outdoor*, "[f]or the reasons stated in the dissenting opinion[.]" *Capital Outdoor, Inc. v. Guilford Cty. Bd. of Adjust.*, 355 N.C. 269, 559 S.E.2d 547 (2002).

As was the case in *Capital Outdoor*, the dispositive issue in the instant case is respondent's interpretation of the applicable zoning ordinance. The superior court indicated that it had reviewed the record *de novo* for all alleged errors of law and concluded that, as respondent had correctly interpreted and applied the zoning ordinance, it had committed no error in law. Thus, the superior court clearly delineated and applied the appropriate standard of review to the dispositive issue presented by petitioner. We therefore overrule petitioner's first assignment of error.

[2] By its second assignment of error, petitioner contends the trial court erred in upholding respondent's decision to revoke petitioner's permits. Petitioner asserts that the permits were not issued under a mistake of law, but rather as a result of an informed and deliberate decision by respondent. Petitioner therefore argues that the trial court erred in affirming respondent's position that the permits were issued under mistake of law. We disagree.

Section 153A-362 of the North Carolina General Statutes, which governs the revocation of building permits issued by a county, provides that:

The appropriate inspector may revoke and require the return of any permit by giving written notice to the permit holder, stating the reason for the revocation. Permits shall be revoked for any substantial departure from the approved application or plans and specifications, for refusal or failure to comply with the requirements of any applicable State or local laws or local ordinances or regulations, or for false statements or misrepresentations made in securing the permit. *A permit mistakenly issued in violation of an applicable State or local law or local ordinance or regulation also may be revoked.*

N.C. Gen. Stat. § 153A-362 (2001) (emphasis added). Thus, under section 153A-362, a county has the authority to revoke permits that

are issued in violation of a county zoning ordinance. Under section 4.4 of the Johnston County Zoning Ordinance, the AR/R-40 zoning district is designated "Agricultural-Residential." The ordinance further states that

> [w]ithin the districts indicated on the zoning map no building or land shall be used, and no building shall be erected or altered which is intended or designed to be used in whole or in part, for any use other than those listed as permitted for that district in this article.

The following types of signs are expressly permitted in the AR/R-40 zoning district under section 4.4:

> a. One (1) professional or announcement sign per lot for home occupations and rural home occupations. Such signs shall not exceed three (3) square feet in area.

> b. Signs pertaining only to the lease, rent or sale of the property upon which displayed. Such signs shall not exceed six (6) square feet in area exposed to view. No such sign shall be illuminated.

> c. Church bulletin board or sign not exceeding twelve (12) square feet for the purpose of displaying the name of the institution and other related information. Such signs shall be set back at least twenty (20) feet from the street right-of-way line.

Section 4.4 makes no mention, however, of outdoor advertising signs, which are expressly permitted in several other zoning districts. Respondent therefore correctly concluded that section 4.4 of the Johnston County Zoning Ordinance did not permit the erection of billboards in the AR/R-40 zoning district. As the zoning district did not permit billboards, respondent's conclusion that petitioner's permits were issued under mistake of law was also correct. Respondent was therefore authorized under section 153A-362 of the General Statutes to revoke petitioner's permit. The fact that petitioner made a substantial investment in the property does not give it the right to violate an existing ordinance. *See Town of Hillsborough v. Smith,* 276 N.C. 48, 58, 170 S.E.2d 904, 912 (1969) (stating that, "[o]ne does not acquire a right to violate an otherwise valid zoning ordinance, already in existence, by making expenditures or incurring obligations merely because when he made them he did not know the ordinance had been adopted"). The trial court did not err in upholding respondent's decision, and we therefore overrule petitioner's second assignment of error.

In conclusion, we hold that the trial court's order affirming the decision and order by the Johnston County Board of Adjustment revoking petitioner's permits appropriately applied the proper standard of review. We therefore affirm the order of the trial court.

Affirmed.

Judge WYNN concurs.

Judge TYSON dissents.

TYSON, Judge, dissenting.

I respectfully dissent from the majority's opinion. The majority's opinion affirms the trial court's order that affirmed respondent's revocation of petitioner's permits and concludes that respondent lawfully revoked petitioner's permit under the statutory authority contained in N.C.G.S. 153A-362. "A permit mistakenly issued in violation of an applicable State or local law or local ordinance or regulation also may be revoked." N.C. Gen. Stat. § 153A-362 (2001). Petitioner argues that the permits were not issued under a mistake of law, rather according to a consistent and long-standing interpretation of the ordinance by respondent's Planning Director. I agree.

The uncontradicted testimony from Mr. Genereux, respondent's Planning Director who issued the permits, shows that he issued the permits consistent with Johnston County's interpretation of the zoning ordinance since its adoption eight years earlier. There was no evidence before respondent, nor any in the record, to show that the permits were issued under a mistake of law.

Respondent revoked petitioner's permits after adopting a new interpretation of the ordinance and applying it retroactively only to permits issued within twelve months prior to the new interpretation. Petitioner argues that this action was arbitrary and capricious.

Four outdoor advertising permits had been issued within twelve months prior to the new interpretation of the ordinance, two of which are before us. Petitioner had received its zoning permits, submitted its site plans, received its building permits, completed construction of the structure on one permit, purchased materials, and delivered them to the site on the other, prior to when its permits were revoked.

Of the remaining two outdoor advertising permits issued within twelve months prior to the adoption of the new interpretation, one expired within two weeks of the new interpretation with no building permit issued. The remaining permit was to expire five months after the new interpretation was adopted and the building permit previously issued had expired.

Respondent did not apply its "new interpretation" to all outdoor advertising permits previously issued for eight years under the original interpretation of the ordinance. The retroactive application of the new interpretation, arrived at in a closed door session where petitioner neither had notice nor opportunity to appear, was applied and enforced in a manner to impact only petitioner's permits after it had materially changed its position in reliance of the issuance of the two permits.

The facts at bar are analogous to the facts in *Town of Hillsborough v. Smith*, 276 N.C. 48, 170 S.E.2d 904 (1969). I would reverse the decision of the superior court. Therefore, I respectfully dissent.